**Killian & Salisbury, P.C.**
Carl A. Salisbury (CAS-7960)
77 Brant Avenue, Suite 115
Clark, New Jersey 07066-1540
(732) 827-8600
csalisbury@c-s.com

**Law Offices of Alan L. Williams**
Alan L. Williams (California Bar # 58638)
Fifth Avenue Financial Centre, Suite 520
2550 Fifth Avenue
San Diego, California 92103
(619) 296-0196
awilliams@alwlaw.com

Attorneys for Defendants V. Craig Payton and Stella Labs, LLC

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. ROMEO, individually, and in his capacity as an officer of Stella Labs, LLC, and Nutraceuticals International, LLC; STELLA LABS, LLC, a limited liability company; NUTRACEUTICALS INTERNATIONAL, LLC, a limited liability company; DEBORAH J. VICKERY, individually and as an employee of Stella Labs and Nutraceuticals; V. CRAIG PAYTON, individually, and in his capacity of an officer of Stella Labs, LLC; and ZOLTAN KLIVINYI, individually and in his capacity as an officer of Nutraceuticals International, LLC,<br><br>Defendants. | CIVIL ACTION No. 09-1262 (WJM)<br><br><br><br>**ANSWER AND JURY DEMAND** |

## ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION
## AND OTHER EQUITABLE RELIEF

Defendants Verlyn Craig Payton ("Payton") and Stella Labs, LLC ("Stella Labs") (collectively "Defendants"), separating themselves from the other Defendants in this action and for themselves alone answer the Complaint for Permanent Injunction and Other Equitable Relief as follows:

1. Answering Paragraph 1, Defendants admit the allegations of Paragraphs 1.A-E and G. As to Paragraph 1.F, Defendants admit that Payton was an ostensible member of Stella Labs. Except as expressly admitted, Defendants generally and specifically deny the allegations of Paragraph 1.F.

2. Answering Paragraph 2, Defendants respond that this paragraph is a preamble to which no answer is required. To the extent an answer is required, Defendants generally and specifically deny the allegations contained therein.

### JURISDICTION AND VENUE

3. Answering Paragraph 3, Defendants admit the allegations contained therein.

4. Answering Paragraph 4, Defendants admit the allegations contained therein.

### PLAINTIFF

5. Answering Paragraph 5, Defendants respond that Paragraph 5 contains legal conclusions to which no answer is required.

### DEFENDANTS

6. Answering Paragraph 6, Defendants admit the allegations contained therein.

7. Answering Paragraph 7, Defendants admit the allegations contained therein.

8. Answering Paragraph 8, Defendants allege that Stella Labs no longer exists as a legal entity in New Jersey and as such has no headquarters or principal place of business in this District, nor does it transact any business in this District or anywhere else. Except as expressly denied, Defendants admit the remaining allegations of Paragraph 8.

9. Answering Paragraph 9, Defendants admit the allegations contained therein.

10. Answering Paragraph 3, Defendants admit the allegations contained therein.

11. Answering Paragraph 11, Defendants admit that Defendant Payton was an ostensible member of Stella Labs. Except as expressly admitted, Defendants generally and specifically deny the remaining allegations of Paragraph 11.

12. Answering Paragraph 12, Defendants have no information or belief as to the allegations contained therein and thus cannot admit or deny the allegations contained in Paragraph 12.

## COMMERCE

13. Answering Paragraph 13, the allegations of Paragraph 13 contain legal conclusions to which no answer is required.

## DEFENDANTS' COURSE OF CONDUCT

### Stella Labs

14. Answering Paragraph 14, Payton alleges that he was a salesman for Global Nutrients, Inc. Except as alleged above, Defendants admit the remaining allegations contained therein.

15. Answering Paragraph 15, Defendants admit the allegations contained therein.

16. Answering Paragraph 16, as to Defendant Stella Labs, Defendants admit the allegations contained therein; as to Defendant Payton, Defendants generally and specifically deny the allegations contained therein.

17. Answering Paragraph 17 , Defendants admit the allegations contained therein.

18. Answering Paragraph 18, Defendants admit the allegations contained therein.

19. Answering Paragraph 19, as to Defendant Stella Labs, Defendants admit the allegations contained therein; as to Defendant Payton, Defendants generally and specifically deny the allegations contained therein.

20. Answering Paragraph 20, as to Defendant Stella Labs, Defendant Stella Labs has no information or belief in which to answer the allegation regarding trade customers' use of advertising and marketing materials.  Except as alleged above, Defendant Stella Labs admits the allegations contained therein; as to Defendant Payton, Defendant Payton generally and specifically deny the allegations contained therein.

21. Answering Paragraph 21, Defendant Stella Labs admits the allegations contained therein; Defendant Payton generally and specifically denies the allegations contained therein.

## Nutraceuticals

22. Paragraph 22 contains no charging allegations against Defendants and so no answer is required.

23. Paragraph 23 contains no charging allegations against Defendants and so no answer is required.

24. Paragraph 24 contains no charging allegations against Defendants and so no answer is required.

25. Paragraph 25 contains no charging allegations against Defendants and so no answer is required.

## DEFENDANTS' VIOLATIONS OF THE FTC ACT

26. Paragraph 26 contains statements of law to which no answer is required.

27. Paragraph 27 contains statements of law to which no answer is required.

## COUNT ONE

### Stella Labs Defendants' False and Deceptive Weight Loss Claims

28. Answering Paragraph 28, Defendant Stella Labs admits the allegations contained therein; Defendant Payton generally and specifically denies the allegations contained therein.

29. Answering Paragraph 29, Defendants generally and specifically deny the allegations contained therein.

## COUNT TWO

### Nutraceuticals Defendants' Weight Loss Claims

30. Paragraph 30 contains no charging allegations against Defendants and so no answer is required.

31. Paragraph 31 contains no charging allegations against Defendants and so no answer is required.

## COUNT THREE

### Stella Labs Defendants' False Establishment Claims

32. Answering Paragraph 32, Defendants admit that Defendant Stella made the representations contained in the advertisements. Except as expressly admitted, Defendants generally and specifically deny the remaining allegations contained therein.

33. Answering Paragraph 33, Defendants generally and specifically deny the allegations contained therein.

## COUNT FOUR

### Nutraceuticals Defendants' False Establishment Claims

34. Paragraph 34 contains no charging allegations against Defendants and so no answer is required.

35. Paragraph 35 contains no charging allegations against Defendants and so no answer is required.

## COUNT FIVE

### Stella Labs Defendants' False Products Content Claims

36. Answering Paragraph 36, Defendants admit that Stella Labs represented that the product they sold as *Hoodia gordonii* was authentic *Hoodia gordonii.* Except as expressly admitted, Defendants generally and specifically deny the remaining allegations contained therein.

37. Answering Paragraph 37, Defendants have no information or belief sufficient to answer the allegations contained there in and basing their answer on that ground, generally and specifically deny the allegations contained therein.

## COUNT SIX

### Means and instrumentalities

38. Answering Paragraph 38, Defendants generally and specifically deny the allegations contained therein.

39. Answering Paragraph 39, Defendants generally and specifically deny the allegations contained therein.

## CONSUMER INJURY

40. [The complaint contains no Paragraph 40]

41. Answering Paragraph 41, Defendants generally and specifically deny the allegations contained therein.

## THIS COURT'S POWER TO GRANT RELIEF

42. Answering Paragraph 42, Paragraph 42 contains statements of law to which no answer is required.

## AFFIRMATIVE DEFENSES

43. As a first, separate and distinct affirmative defense, Defendants allege that the Complaint and each count, claim and cause of action fail to state facts upon which relief can be granted.

42. As a second, separate and distinct affirmative defense, Defendants claim that Plaintiff should be barred from any relief whatsoever against Defendants under the equitable doctrine of laches.

43. As a third, separate and distinct affirmative defense, Defendants allege that Payton served only as a "straw man" and had no direction or control, nor did he

participate in the policies, acts or practices of Defendant Stella Labs as alleged in the Complaint.

44. As a fourth, separate and distinct affirmative defense, Defendants incorporate by reference each and every affirmative defense of each and every other Defendant in this action.

45. As a fifth, separate and distinct affirmative defense, Defendants allege that Defendant Stella tested each shipment of Hoodia using test procedures generally accepted and used in the ordinary course of business in the food supplement trade and each shipment tested as "genuine" Hoodia.

46. As a sixth separate and distinct affirmative defense, Defendants allege that manufacturers of dietary supplements sold to the public do not rely on representations of wholesale distributors such as Defendant Stella but conduct independent investigation into the efficacy of dietary supplements before marketing those supplements to the public.

47. As a seventh separate and distinct affirmative defense Defendants allege that Defendant Stella obtained the materials upon which the representations alleged in Paragraph 19 of the Complaint from public sources and that Defendant Stella relied on those public sources as it reasonably believed the representations to be true.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants request the Court enter judgment as follows:

1. That Plaintiff take nothing by way of its complaint;

2. For costs of suit; and

3. For such other and further relief as the Court deems proper.

## JURY DEMAND

Defendants demand a jury as to all issues so triable.

Dated: April 30, 2009                          **Killian & Salisbury, P.C.**

                                By:   */s/Carl A. Salisbury*
                                      Carl A. Salisbury

                                      **Law Offices of Alan L. Williams**

                                By:   _____
                                      Alan L. Williams

                                      Attorneys for Defendants V. Craig
                                      Payton and Stella Labs, LLC

**KILLIAN & SALISBURY, P.C.**
Carl A. Salisbury (CAS-7960)
77 Brant Avenue, Suite 115
Clark, New Jersey 07066-1540
(732) 827-8600
csalisbury@k-s.com

**LAW OFFICES OF ALAN L. WILLIAMS**
Alan L. Williams
Fifth Avenue Financial Centre, Suite 520
2550 Fifth Avenue
San Diego, California 92103
(619) 296-0196
awilliams@alwlaw.com
Attorneys for Defendants V. Craig Payton
and Stella Labs, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 09-1262 (WJM) |
| DAVID J. ROMEO, individually, and in his capacity as an officer of Stella Labs, LLC, and Nutraceuticals International, LLC; STELLA LABS, LLC, a limited liability company; NUTRACEUTICALS INTERNATIONAL, LLC, a limited liability company: DEBORAH B. VICKERY, individually, and as an employee of Stella Labs, LLC and Nutraceuticals International, LLC; V. CRAIG PAYTON, individually, and in his capacity as officer of Stella Labs, LLC; and ZOLTAN KLIVINYI, individually, and in his capacity as an officer of Nutraceuticals International, LLC, | **CERTIFICATION OF SERVICE** |
| Defendants. | |

I, Carl A. Salisbury, of full age, hereby certify as follows:

1. I am an attorney with Killian & Salisbury, P.C., attorneys, for Defendants V. Craig Payton and Stella Labs, LLC. As such, I have personal knowledge of the matters set forth herein.

2. I hereby certify that, on the date set forth below, I electronically filed the Answer of V. Craig Payton and Stella Labs, LLC with the Clerk of Court. In doing so, I thereby also served the above document via the ECF system on counsel of record.

3. I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:   May 5, 2009  /s/ Carl A. Salisbury
Carl A. Salisbury