WILLARD K. TOM
General Counsel

VICTOR F. DEFRANCIS
KAREN JAGIELSKI
DEVIN W. DOMOND
Federal Trade Commission
600 Pennsylvania Avenue, NJ -3212
Washington, DC 20580
202-326-3495, vdefrancis@ftc.gov
202-326-3259 (facsimile)

SUSAN J. STEELE
Chief, Civil Division
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 645-2920, susan.steele@usdoj.gov
(973) 645-2702 (facsimile)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br>v.<br><br>**DAVID J. ROMEO**, individually, and in his capacity as an officer of Stella Labs, LLC, and Nutraceuticals International, LLC; **STELLA LABS, LLC**, a limited liability company; **NUTRACEUTICALS INTERNATIONAL, LLC**, a limited liability company; **DEBORAH B. VICKERY**, individually, and as an employee of Stella Labs, LLC and Nutraceuticals International, LLC; **V. CRAIG PAYTON**, individually, and in his capacity as an officer of Stella Labs, LLC; and **ZOLTAN KLIVINYI**, individually, and in his capacity as an officer of Nutraceuticals International, LLC,<br><br>Defendants. | **CASE NO. 09-1262-WJM** |

# PLAINTIFF'S REPLY TO DEFENDANT VICKERY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THREE AFFIRMATIVE <u>DEFENSES OF DEFENDANT VICKERY</u>

## <u>TABLE OF CONTENTS</u>

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Defendant's Three Affirmative Defenses Should Be Stricken. . . . . . . . . . . . . . . . . 1

Defendant's Second Affirmative Defense of Good Faith Should Be Stricken. . . . . 2

Defendant's Third Affirmative Defense of Mootness Should Be Stricken. . . . . . . . 4

Defendant's Fourth Affirmative Defense of Reliance Should Be Stricken. . . . . . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# **TABLE OF AUTHORITIES**

CASES

*Anchor Hocking Corp. v. Jacksonville Elec. Auth*, 419 F. Supp 992
(M.D. Fla. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Beneficial Corp. v. FTC*, 542 F.2d 611 (3d Cir. 1976), *cert. denied*, 430 U.S. 983
    (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734  (N.D. Ill. 1982). . . . . . . . . . . . 4

*Chrysler Corp. v. FTC*, 561 F.2d 357 (D.C. Cir.1977). . . . . . . . . . . . . . . . . . . . . . 2

*Doherty, Clifford, Steers & Shenfield, Inc. v. FTC*, 392 F.2d 921 (6th Cir. 1968). . 3

*EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167 (E.D.N.Y. 2004). . . . . . . . . 2

*FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22 (E.D.N.Y. 1990). . . . 1

*FTC v. Affordable Media, LLC*, 179 F.3d 1228 (9th Cir. 1999). . . . . . . . . . . . . . 5, 6

*FTC v. Communidyne, Inc.*, No. 93-C-6043, 1993 U.S. Dist. LEXIS 18708 (N.D.
Ill. Dec. 3, 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*FTC v. Medicor, LLC*, 217 F. Supp.2d 1048 (C.D. Cal. 2002). . . . . . . . . . . . . . . . . 4

*FTC v. Medicor, LLC*, No. CV 01-1896 CBM (Ex), 2002 U.S. Dist. LEXIS 16200
(C.D. Cal. July 18, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*FTC v. NCH, Inc.*, No. CV-S-94-138-LDG, 1995 U.S. Dist. LEXIS 21098 (D. Nev.
June 10, 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*FTC v. Patriot Alcohol Testers, Inc.*, 798 F. Supp. 851 (D. Mass. 1992). . . . . . . . 3

*FTC v. Sabal*, 32 F. Supp.2d 1004 (N.D. Ill. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 3

*FTC v. US Sales Corp.*, 785 F. Supp. 737 (N.D. Ill. Jan. 31, 1992). . . . . . . . . . . . . 3

*FTC v. World Travel Vacation Brokers, Inc.*, 821 F.2d 1020 (7th Cir. 1988). . . . . . 3

*Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100 (D.N.J. 1991). . . . . . . . . . . . 1

*In re Nat'l Credit Mgmt. Group, Inc.*, 21 F. Supp. 2d 424 (D.N.J. 1998). . . . . . . . . 6

*Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989). . . . 1

*Regina Corp. v. FTC*, 322 F. 2d 765 (3d Cir. 1963). . . . . . . . . . . . . . . . . . . . . . . 2, 3

*SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801 (2d Cir. 1975). . . . . . . . . . . . . . . . . . . 5

STATUTES

FTC Act, 15 U.S.C. §§ 45(a) *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**I.    INTRODUCTION**

On May 26, 2009, Plaintiff Federal Trade Commission ("FTC" or "Commission") moved to strike three of the four affirmative defenses of Defendant Deborah B. Vickery. On August 13, 2009, Defendant Vickery filed her opposition to the FTC's motion to strike three of her affirmative defenses. Because Defendant Vickery fails to establish that her affirmative defenses are not legally insufficient, redundant, or immaterial, they should be stricken.

**II.   DEFENDANT'S THREE AFFIRMATIVE DEFENSES
        SHOULD BE STRICKEN**

The purpose of Rule 12(f) of the Federal Rules of Civil Procedure is to remove insufficient defenses "in order to avoid unnecessary time and money in litigating invalid, spurious issues," *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976), and to "eliminate the delay and unnecessary expense from litigating an invalid claim." *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F. 2d 1286, 1294 (7th Cir. 1989). Although Rule 12(f) motions should not be granted where the sufficiency of a defense rests on disputed facts or questions of law, *Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1114-15 (D.N.J. 1991), that is not the case here.

Defendant Vickery argues that her affirmative defenses are "relevant to the

Court's proper determination of her individual liability and the appropriateness of permanent injunctive relief." Def. Mot. Opp. ¶ I. Contrary to Defendant's representations, her affirmative defenses do not rest upon disputed facts or questions of law, and are, therefore, appropriate to strike to "avoid wasting unnecessary time and money litigating . . . invalid defense[s]." *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). Indeed, two of Vickery's alleged defenses – good faith and reliance – are not available affirmative defenses in an FTC Action *as a matter of law*. Pl. Mot. Strike ¶¶ II(a) and (c). Moreover, Defendant's third alleged affirmative defense of mootness is insufficiently pled and legally unavailable. Pl. Mot. Strike ¶ II(b).

    **A.    Defendant's Second Affirmative Defense of Good Faith Should Be Stricken**

For her second affirmative defense, Defendant Vickery asserts that "at all times [she] acted in good faith and in accordance with statutes, regulations and other laws in effect at the time of the conduct allegedly giving rise to the FTC's claims."

It is well-settled that good faith is not a defense to liability for violations of the FTC Act, 15 U.S.C. §§ 45 *et seq*. *See Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976), *cert. denied*, 430 U.S. 983 (1977); *Regina Corp. v. FTC*, 322 F. 2d 765, 768 (3d Cir. 1963); *Chrysler Corp. v. FTC*, 561 F.2d 357, 363 n. 5 (D.C.

Page 2

Cir.1977). Defendant Vickery does not dispute this. She argues, however, that she acted "in accordance with statutes, regulations and other laws" and such action is relevant to determine whether or not she is individually liable and what remedy would be appropriate.

To support her position, Defendant cites two district court cases where courts denied FTC motions to strike the affirmative defense of good faith and argues that the "FTC has failed to demonstrate why it should not be allowed here." Def. Mot. Opp. ¶ II(B). Although it is true that a district court in California declined to strike a generally pled good faith defense for certain defendants appearing before it on the basis that good faith might be relevant in determining the need for injunctive relief and individual liability, *FTC v. Medicor, LLC*, 2001 WL 765628, at *3-4 (C.D. Cal. June 26, 2001), the Commission believes that the *Medicor* court erred in ignoring the weight of contrary authority[1] in allowing this

---

[1] *See, e.g., Beneficial Corp.*; *Regina Corp.*; *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988); *Chrysler Corp. v. FTC,* 561 F.2d 357, 363 (D.C. Cir. 1977); *Doherty, Clifford, Steers & Shenfield, Inc. v. FTC,* 392 F.2d 921, 925 (6th Cir. 1968) *FTC v. Sabal*, 32 F. Supp. 2d 1004, 1007 (N.D. Ill. 1998); *FTC v. NCH, Inc.,* No. CV-S-94-138-LDG, 1995 U.S. Dist. LEXIS 21098, *20-21 (D. Nev. May 31, 1995); *see also FTC v. Communidyne, Inc.*, No. 93-C-6043, 1993 U.S. Dist. LEXIS 18708, at *4 (N.D. Ill. Dec. 3, 1993); *FTC v. US Sales Corp.*, 785 F. Supp. 737, 751 (N.D. Ill. Jan. 31, 1992), *modified on other grounds*, 1992 WL 104819 (N.D. Ill. May 6, 1992); *FTC v. Patriot Alcohol Testers, Inc.*, 798 F. Supp. 851, 855 (D. Mass. 1992).

defense to stand.[2]

Moreover, Defendant argues that allowing her to use a good faith defense does not prejudice the FTC in any way. Should this defense go forward, however, the FTC would have to spend valuable resources litigating an ultimately immaterial defense – the very outcome Rule 12(f) is designed to prevent.

Even if good faith was an available affirmative defense in an FTC action, Defendant Vickery's assertion that she acted in "good faith and in accordance with statutes, regulations and other laws " adds nothing to her earlier general denial of the FTC's allegations. Where an "affirmative defense" does nothing more than echo a previously stated denial, the defense is clearly inappropriate and redundant, and should be stricken. *See Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 738 (N.D. Ill. 1982).

### B. Defendant's Third Affirmative Defense of Mootness Should Be Stricken

Defendant Vickery argues that, because she is "no longer affiliated with the sales of the product referenced in the Complaint," the FTC's action is moot. But as

---

[2] Indeed, the same court subsequently entered summary judgment and a strong injunctive order against the corporate and individual defendants, as well as a $16 million judgment against defendants, jointly and severally, for consumer redress and disgorgement. *See FTC v. Medicor, LLC*, 217 F. Supp. 2d 1048, 1057-58 (C.D. Cal. 2002) (summary judgment order); *FTC v. Medicor, LLC*, 2002 U.S. Dist. LEXIS 16220 (C.D. Cal. July 18, 2002) (Order for Permanent Injunction and Other Relief).

was fully discussed in the Commission's Memorandum in Support of Plaintiff's Motion to Strike Three Affirmative Defenses ("Memorandum"), voluntary cessation of activity, especially in light of potential law enforcement scrutiny or action, does not render moot the need for permanent injunctive relief.  *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1237-38 (9th Cir. 1999).  Defendant Vickery's unlawful actions and her continued affiliation with the corporate Defendants and Defendant Romeo is "highly suggestive of the likelihood of future violations."  *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975).

### C. Defendant's Fourth Affirmative Defense of Reliance Should Be Stricken

Defendant Vickery's fourth affirmative defense is that she "reasonably relied in good faith on information . . . supplied by others."  As the Commission's Memorandum clearly establishes, reliance is not a legally sufficient defense in FTC actions.

Unlike criminal actions where the United States must prove the requisite scienter in order to obtain convictions, no such finding of scienter is required in FTC cases.  In order to obtain injunctive relief against an individual defendant, no showing of knowledge is at all necessary – the FTC need only prove that the individual directly participated in the violative acts, played a role in controlling, directing, or formulating the policies and practices which resulted in violative acts,

or had the authority to control the unlawful activities. *In re Nat'l Credit Mgmt. Group, Inc.*, 21 F. Supp. 2d 424, 461 (D.N.J. 1998).  For monetary relief, the FTC need not prove subjective intent to defraud; the FTC need only demonstrate by a preponderance of evidence that the individual had actual or constructive knowledge of the acts or practices in question.  *Affordable Media*, 179 F.3d at 1231.  Reliance is not, therefore, a defense to FTC liability.  Accordingly, this defense should be stricken.

//

//

//

## CONCLUSION

For all of the above stated reasons, the FTC respectfully requests that its motion to strike the Defendant's affirmative defenses of good faith, mootness, and reliance be granted.

Dated:      August 27, 2009            Respectfully Submitted,
                                       WILLARD K. TOM
                                       General Counsel

                                       s/Victor F. DeFrancis
                                       VICTOR F. DeFRANCIS
                                       KAREN JAGIELSKI
                                       DEVIN W. DOMOND
                                       Federal Trade Commission
                                       600 Pennsylvania Avenue, N.W.
                                       Mail Drop NJ-3212
                                       Washington, D.C. 20580
                                       Tel: (202) 326-3495,
                                       Fax: (202) 326-3259

                                       SUSAN J. STEELE
                                       Chief, Civil Division
                                       United States Attorney's Office
                                       970 Broad Street, Suite 700
                                       Newark, NJ 07102
                                       (973) 645-2920, susan.steele@usdoj.gov
                                       (973) 645-2702 (facsimile)

                                       ATTORNEYS FOR PLAINTIFF
                                       FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Reply to Defendant Vickery's Opposition to Plaintiff's Motion to Strike Three Affirmative Defenses of Defendant Vickery was served on the parties of record through the electronic filing system of the U.S. District Court for the District of New Jersey.

I certify under penalty of perjury that the foregoing is true and correction. Executed on August 27, 2009.

s/ Victor F. DeFrancis
VICTOR DeFRANCIS