WILLARD K. TOM
General Counsel

VICTOR F. DEFRANCIS
KAREN JAGIELSKI
Federal Trade Commission
600 Pennsylvania Avenue, NJ -3212
Washington, DC 20580
202-326-3495, vdefrancis@ftc.gov
202-326-3259 (facsimile)

SUSAN J. STEELE
Chief, Civil Division
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 645-2920, susan.steele@usdoj.gov
(973) 645-2702 (facsimile)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br>v.<br><br>**DAVID J. ROMEO**, individually, and in his capacity as an officer of Stella Labs, LLC, and Nutraceuticals International, LLC; **STELLA LABS, LLC**, a limited liability company; **NUTRACEUTICALS INTERNATIONAL, LLC**, a limited liability company; **DEBORAH B. VICKERY**, individually, and as an employee of Stella Labs, LLC and Nutraceuticals International, LLC; **V. CRAIG PAYTON**, individually, and in his capacity as an officer of Stella Labs, LLC; and **ZOLTAN KLIVINYI**, individually, and in his capacity as an officer of Nutraceuticals International, LLC,<br><br>Defendants. | **CASE NO. 09-1262-WJM** |

## (proposed) <u>DISCOVERY CONFIDENTIALITY ORDER</u>

WHEREAS it appears that discovery will involve the production by the Parties to each other of confidential information not generally available to the public, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3, and for good cause shown, and it appearing that the Parties consent to entry of this Discovery Confidentiality Order, IT IS HEREBY ORDERED THAT:

## <u>DEFINITIONS</u>

1. **"Confidential Information"** means trade secrets; confidential research; financial information; product contents or formulas; competitive business plans, strategies, or projections; government investigative files referring to or relating to entities not named as defendants in this action; and internal government memoranda summarizing investigations or making recommendations to decision makers, produced by a Party in response to the request of another Party pursuant to the Federal Rules of Civil Procedure; *provided, however,* that such Confidential Information shall not include information that:

    (a)    was, is, or becomes part of the public domain through no act or omission of the Plaintiff; or

    (b)    was, is, or becomes independently discovered by, or made

available to, the Plaintiff, whether or not such material also is obtained through discovery in this action.

Summaries, copies, abstracts, or other information shall be used and designated as "Confidential Information" whenever such documents are derived in whole or in part from material designated as Confidential Information.

2. **"Qualified Persons"** means the following:

(a) The Court and its staff;

(b) The Commissioners and employees of the Federal Trade Commission ("FTC") and counsel of record for the FTC (including attorneys, paralegals, and clerical and secretarial staff employed by such counsel);

(c) The Defendants and the officers of the corporate Defendants and their counsel of record;

(d) Employees of any firm retained by the Parties or counsel of record to reproduce the discovery material for use in accordance with this Order;

(e) Experts or consultants (together with research assistants and clerical staff) not employed by, or otherwise affiliated with, the Parties who are retained by Counsel of Record for the Parties to assist in the prosecution, defense, or settlement of this action;

(f) Directors, officers, and employees of the Parties who are

noticed for depositions or designated as trial witnesses and other persons who counsel for a party believes, in good faith, may be fact or expert witnesses either at deposition or at trial to the extent deemed necessary by counsel for the witnesses' testimony or preparation for testimony;

    (g) Deponents, and their counsel, during the course of depositions, taken in this action, and Court reporter(s) and persons preparing transcripts of such testimony;

    (h) Witnesses, and their counsel, during the witnesses' testimony at any pre-trial hearing, and Court reporters and persons preparing transcripts of such testimony;

    (i) Any person or entity to whom the Plaintiff is permitted or obligated under applicable statutory or regulatory law to produce discovery materials, or to whom the Plaintiff is otherwise legally obligated to produce discovery materials;

    (j) Federal or State agencies, to the extent that such agencies comply with the requirements set forth in the Commission's Rules of Practice, 16 C.F.R. §§ 4.11(c) and (d);

    (k) Congressional committees and subcommittees, to the extent required by law and/or as set forth by the Commission's Rules of Practice, 16

C.F.R. § 4.11(b); and

   (l) Other persons only upon order of the Court, or upon stipulation of the Party who produced or disclosed the confidential discovery material.

Nothing contained in this Order shall prevent any document from being shown or disclosed to any person shown on the face of such document to be the document's author or recipient of such document.

## DESIGNATION OF CONFIDENTIAL INFORMATION

  3. In connection with discovery proceedings in this action, the Parties may designate documents, things, material, testimony, or other information derived therefrom as "Confidential Information" under the terms of this Discovery Confidentiality Order.

  4. The Parties shall designate "Confidential Information" in the following manner:

   (a) The Parties shall mark only those pages, items, or portions thereof containing or disclosing the Confidential Information by labeling copies produced to the other Party with the legend "CONFIDENTIAL" as indication of its confidential nature.

   (b) All tangible items containing Confidential Information shall be placed in an envelope, box, or other container which shall be stamped or labeled on

the exterior with the legend "CONFIDENTIAL."

      (c)    A designation of confidentiality shall constitute a representation by the designating party, in good faith and after careful determination, that the material so designated constitutes confidential material as defined in this Order.

      (d)    All testimony taken at a deposition shall be treated as if it were designated as Confidential Information for a period of thirty (30) days following preparation of the full transcript, except when counsel for the Parties agree to an alternative procedure. During the thirty-day period, counsel for the Parties may designate, in writing, any portion(s) or the entire transcript as Confidential Information. If any document containing Confidential Information is used during any deposition, the testimony regarding such document shall thereafter be treated as confidential, unless counsel for the Parties agrees otherwise. Regardless of the Parties' designation of any portion of the transcript, the use in deposition of any documents designated as confidential will not constitute a waiver of the designation as to those documents.

**OBJECTIONS TO DESIGNATION OF CONFIDENTIAL INFORMATION**

5.    If any party objects to the designation of any material as "Confidential," the objecting party shall so notify the designating party in writing, and shall state in any such notice the objecting party's basis for objection.

Following this written objection:

    (a)  If the designating party does not agree to withdraw the objected to "Confidential" designation, to preserve such designation, the designating party must, within thirty (30) days after receipt of such notice, apply to the Court for a ruling that the discovery material objected to shall be treated as "Confidential," and notice of such application shall be provided to all other Parties. In connection with any such application, the burden shall be on the party seeking to sustain the "Confidential" designation to show good cause for such designation. Following the filing of such application, until this Court enters an order, if any, determining the designation of the discovery material objected to, such discovery material shall be treated as Confidential Information and protected as provided in this Order.

    (b)  If the designating party fails to file such application with the Court within thirty (30) days after receipt of objection, the material shall lose its "Confidential" designation.

### DISCLOSURE OF CONFIDENTIAL INFORMATION PRIOR TO TRIAL

6.    Confidential Information shall be disclosed or made available to Qualified Persons only.

7.    Confidential Information shall not be disclosed to any other entity or unqualified person by the Parties or counsel of any party (including the partners,

shareholders, associates, of counsel attorneys, employed attorneys, paralegals, and clerical and secretarial staff employed by such counsel); or by any other Qualified Person with access to such Confidential Information through this litigation without the written consent of counsel for all Parties or the permission of this Court.

8. Each Qualified Person, upon receiving Confidential Information, shall take all steps reasonably available to protect the confidentiality of such materials and of all the information contained therein. All Confidential Information shall remain in the possession, custody, and control of the Qualified Person(s) receiving it, except when being tendered or forwarded to another Qualified Person.

## **DISCLOSURE IN OTHER OR SUBSEQUENT PROCEEDINGS**

9. This Order shall survive the final termination of this action. Whether or not Confidential Information becomes known to the public, each party shall, within ninety (90) days after termination of this litigation, including any and all appeals, return the Confidential Information to the producing Party or destroy the information at the written request of the producing Party. The Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of information disclosed hereunder. Any party filing Confidential Information shall notify the Clerk's office within sixty (60) days of entry of final judgment or dismissal whether the Confidential Information shall be destroyed or retrieved from the

Clerk's office or disposed of in some other manner.

## SUBPOENA FOR DOCUMENTS

10. In the event that any party receives a subpoena, request for the production of documents, or other discovery requests pursuant to the Federal Rules of Civil Procedure that calls for the production of any materials marked "CONFIDENTIAL" pursuant to this Discovery Confidentiality Order, that party shall immediately notify, in writing, the party whose confidential materials have been requested ("producing party") of the pendency of that request so that the producing party may take whatever steps it decides are appropriate to protect the confidentiality of those materials.

## NON-ADMISSION AND NON-WAIVER OF CONFIDENTIALITY

11. This Order is entered solely for the purpose of facilitating the exchange of documents, items, and information between the Parties to this action without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any document, item, or information under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party regarding the confidentiality or non-confidentiality of any such document, item, or information, or altering any existing obligation of any Party in this action or the absence thereof.

## USE OF CONFIDENTIAL INFORMATION PRIOR TO TRIAL

12. This Discovery Confidentiality Order has no effect upon, and its scope shall not extend to, any Party's use of its own discovery material. Except as provided in this Paragraph, nothing in this Order shall be construed to restrict or limit the ability of any Party to use any document or any information contained in, or derived from, any discovery material in any filing of any submission to the Court. In the event that any Confidential Information is contained in any pleading, motion, exhibit, or other paper (collectively, "papers") filed or to be filed with the Clerk of Court, the filing Party shall (a) explicitly designate the confidential material; and (b) seek to have the papers sealed pursuant to Local Rule 5.3 (c). If approved by the Court to be sealed, Confidential Information shall remain sealed until further order of the Court; *provided, however*, that such papers may be furnished to Qualified Persons. Upon or after filing any paper containing Confidential Information, the filing Party may file on the public record a duplicate copy of the paper redacting such Confidential Information. The filing Party also may deliver a non-redacted copy directly to the chambers of the presiding judge or magistrate to ensure that it is promptly brought to the Court's attention.

13. Nothing in this Order shall limit or restrict a Party's right to inquire about or show Confidential Information to a deponent at the deposition of any

officer, director, employee, or agent of the Party that produced the Confidential Information.

## USE OF CONFIDENTIAL INFORMATION AT TRIAL

14. Nothing in this Order shall limit or restrict a Party from the use of Confidential Information in the trial of this matter. At or before the Pre-Trial Conference, the parties will discuss with the Court what procedures shall be used at the trial of this action to protect the confidentiality of any documents or information sought to be admitted into evidence that have been determined by the Court or agreed upon by the parties to be confidential.

## APPLICATION OR MODIFICATION OF THIS ORDER

15. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order. This Order shall be without prejudice to the right of the Parties to:

(a) Bring before the Court at any time the question of whether any particular document, item, or information is Confidential Information as defined in this Order; or whether its use should be restricted as Confidential Information; or

(b) Present a motion to the Court for a separate Discovery Confidentiality Order as to any particular document, item, or information, including restrictions differing from those specified herein.

The burden shall be on the Party who asserts confidentiality to establish confidentiality.

## **BINDING EFFECT UPON EXECUTION**

16.     The provisions of this Order for the protection of Confidential Information shall be binding upon the Parties immediately its execution by their respective counsel, as though signed and entered by this Court.

SO ORDERED, this _____ day of _____, 2009.

_____
Claire C. Cecchi
United States Magistrate Judge

## THE UNDERSIGNED HEREBY CONSENT TO
## ENTRY OF THIS DISCOVERY CONFIDENTIALITY ORDER

Dated:  August 10, 2009

WILLARD K. TOM
General Counsel

s/ Victor F. DeFrancis
VICTOR F. DeFRANCIS
KAREN JAGIELSKI
Federal Trade Commission
600 Pennsylvania Avenue, NW
NJ-3212
Washington, D.C. 20580
vdefrancis@ftc.gov
(202) 326-3495 (voice)
(202) 326-3259  (facsimile)

SUSAN J. STEELE
Chief, Civil Division
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
susan.steele@usdoj.gov
(973) 645-2920 (voice)
(973) 645-2702 (facsimile)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

s/ Carl Salisbury
Carl Salibury, Esq.
KILLIAN & SALISBURY, LLP
77 Brant Avenue, Suite 115
Clark, NJ 07066
(732) 827-7300
csalisbury@k-s.com
Attorney for V. Craig Payton
and Stella Labs, LLC

s/ Alan L. Williams
Alan L. Williams, Esq.
2550 Fifth Avenue
San Diego, CA 92103
awilliams@alwlaw.com

Attorney for V. Craig Payton
and Stella Labs, LLC

s/ James A. Kosch
James A. Kosch, Esq.
LECLAIRRYAN
Two Penn Plaza East
Newark, NJ 07105
james.kosch@leclairryan.com

Attorney for David J. Romeo
and Nutraceuticals International, LLC

s/ Patrick J. Hurd, Esq.
Patrick J. Hurd, Esq.
LECLAIRRYAN
999 Waterside Drive, Suite 2525
Norfolk, VA 23510
patrick.hurd@leclairryan.com

Attorney for David J. Romeo
and Nutraceuticals International, LLC

s/ Elissa Fudim
Elissa Fudim, Esq.
AKERMAN SENTERFITT, LLP
335 Madison Avenue, 26th Floor
New York, NY 10017
(212) 880-3800
elissa.fudim@akerman.com

Attorney for Deborah B. Vickery

s/ L. Joseph Shaheen
L. Joseph Shaheen, Esq.
AKERMAN SENTERFITT, LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(812) 223-7333
joseph.shaheen@akerman.com

Attorney for Deborah B. Vickery